UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———————

No. 96-2200
(CA-96-1745-6-20, BK-95-71435-B)

———————

Greenville    Plaza    Investors    Limited
Partnership,

                              Plaintiff - Appellee,

        versus

Corporate Real Estate Service, etc.,

                              Defendant - Appellant.

———————

O R D E R

———————

        The Court amends its opinion filed May 11, 1998, as follows:

        On page 3, first paragraph, lines 6-7 -- the word "identify"

is corrected to read "identi_ty_."

                              For the Court - By Direction


                              /s/ Patricia S. Connor
                              ———————————————————————
                                        Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: GREENVILLE PLAZA INVESTORS
LIMITED PARTNERSHIP,
<u>Debtor.</u>

GREENVILLE PLAZA INVESTORS
LIMITED PARTNERSHIP,
<u>Plaintiff-Appellee,</u>                              No. 96-2200

v.

CORPORATE REAL ESTATE SERVICE,
INCORPORATED, formerly known as
The Webb-Stevenson Company,
d/b/a Plaza Executive Suites,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CA-96-1745-6-20, BK-95-71435-B)

Submitted: April 15, 1998

Decided: May 11, 1998

Before WIDENER and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Benjamin Patterson, ARRINGTON, HOLLOWELL & PAT-
TERSON, L.L.P., Greenville, South Carolina, for Appellant. Helen
Elizabeth Burris, NEXSEN, PRUET, JACOBS & POLLARD, L.L.P.,
Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Corporate Real Estate Services, Inc., (Corporate) appeals from the
district court's order affirming the bankruptcy court's order granting
summary judgment in favor of Greenville Plaza Investors (Greenville)
avoiding a lease between the parties pursuant to 11 U.S.C. §§ 544(a),
550 (1994) and S.C. Code Ann. §§ 30-7-10, 27-33-30 (Law. Co-op
1976). Corporate contends that the bankruptcy court erred by (1) fail-
ing to apply the appropriate federal and state law in reaching its deci-
sion; (2) failing to address its counterclaim; and (3) failing to take into
consideration Greenville's discovery abuses. For the reasons that fol-
low, we affirm.

Greenville, a South Carolina limited partnership, filed a petition
under Chapter 11 of the Bankruptcy Code on March 20, 1995. Its pri-
mary asset was real estate known as Nationsbank Plaza in Greenville,
South Carolina. Corporate claimed a possessory interest in the prop-
erty based on a lease agreement (Agreement) dated March 31, 1994,
and amended on March 1, 1995. The Agreement purports to grant a
leasehold interest in Nationsbank Plaza to Corporate from June 1,
1994, through August 31, 1997. Neither the Agreement nor the
Amendment were recorded prior to Greenville's filing of its bank-
ruptcy petition.

2

Greenville sought to avoid the lease under S.C. Code Ann. §§ 30-7-10, 27-33-30, which provide that if a document evidencing a leasehold interest in real estate for a period of longer than twelve months is not recorded it is invalid and unenforceable against certain bona fide purchasers and/or subsequent creditors. Under 11 U.S.C. § 544(a) (the "strong-arm" clause), a trustee in bankruptcy may take the identity of a hypothetical entity that could, under state law, defeat a claimed interest in the debtor's property.* Greenville, as debtor in possession, has the same rights and powers as a trustee. See 11 U.S.C. § 1107(a) (1994).

Section 544(a)(3) confers upon the trustee the rights of a bona fide purchaser when, as in this case, real property is at issue. The extent of the trustee's strong arm powers is defined by the law of the state where the property is located. See 4 Lawrence P. King, Collier on Bankruptcy, ¶ 544.02 at 544-5, 544-14 (1996). Contrary to Corporate's assertions, the bankruptcy court and the district court properly applied South Carolina law to determine that the Agreement was subject to avoidance under § 544(a)(3). See S.C. Code Ann. § 30-7-10 (providing that a leasehold interest in real estate for a period greater than twelve months is invalid and unenforceable against certain bona fide purchasers and/or subsequent creditors without notice); In re Kitchin Equip. Co. of Virginia, Inc., 960 F.2d 1242, 1245 (4th Cir. 1992) ("a debtor in possession, without regard to any knowledge, is empowered to avoid any transfer of property of the debtor or any obligation of the debtor that is voidable by a hypothetical lien creditor").

_____

* Section 544(a)(3) provides that:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--

. . .

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

3

Corporate next claims that the bankruptcy court erred by failing to address its counterclaims in ruling on Greenville's motion for summary judgment. However, as the district court properly found, Corporate failed to raise these counterclaims at the hearing on Greenville's motion for summary judgment. And, in any event, none of Corporate's counterclaims were supported by the record.

Finally, Corporate contends that the bankruptcy court failed to take into account alleged discovery abuses committed by Greenville. Specifically, Corporate claims that Greenville delayed producing certain documents and scheduling of depositions that it needed to adequately oppose Greenville's summary judgment motion. Even assuming that Corporate's allegations are true, Corporate is precluded from arguing that inadequate discovery made summary judgment inappropriate because it did not submit an affidavit informing the district court that additional discovery was necessary for it to respond to Greenville's summary judgment motion. See Fed. R. Civ. P. 56(f); see also Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (holding that on appeal, a party must have submitted a Rule 56(f) affidavit in order to argue that summary judgment was inappropriate because of inadequate discovery).

Accordingly, we affirm.

AFFIRMED

4